IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ARRIVALSTAR S.A. and MELVINO TECHNOLOGIES LIMITED, <br><br> Plaintiffs, <br><br> v. <br><br> CANADIAN NATIONAL RAILWAY COMPANY, CSX CORPORATION, INC., BNSF RAILWAY COMPANY, i2 TECHNOLOGIES, INC., SIEMENS VDO AUTOMOTIVE [SIC, CONTINENTAL AUTOMOTIVE SYSTEMS US, INC.] and TRANSWORKS, INC., <br><br> Defendants. | CASE NO.: 08 C 1086 <br><br> Judge Robert M. Dow, Jr. <br> Magistrate Judge Arlander Keys |

## JOINT INITIAL STATUS REPORT

Pursuant to the Court's Minute Entry of March 14, 2008 and the Court's standing order, the parties submit the following Joint Status Report.

1.    **Attorneys of Record.**

a.    On behalf of Plaintiffs ArrivalStar S.A. and Melvino Technologies Limited ("Plaintiffs"):  Raymond P. Niro, Sally J. Wiggins, Matthew M. McAndrews, and Nicholas M. Dudziak of Niro Scavone, Haller & Niro.  Plaintiffs expect Raymond P. Niro to try the case.

b.    On behalf of Defendant Canadian National Railway Company ("CN"):  Plaintiffs assume that counsel will appear on behalf of CN once CN has been served with the Complaint pursuant to the Hague Convention.

c.    On behalf of Defendant CSX Corporation, Inc. ("CSX"):  Dwayne L. Mason and Lester Hewitt of Akin Gump Strauss Hauer & Feld, and Patrick E.

Deady of Hogan Marren, Ltd.  (By agreement, CSX's response date in this case is set for April 28, 2008.)

d.    On behalf of Defendant BNSF Railway Company ("BNSF"):  Donald E. Herrmann, J. Clark Martin and Michael D. Anderson of Kelly Hart & Hallman, LLP, and Jennifer F. Fitzgerald, Leland W. Hutchinson, Jr. and Richard T. Sikes, Jr. of Freeborn & Peters LLP.  (By agreement and in order to facilitate settlement discussions, BNSF's response date in this case is set for April 28, 2008.)

e.    On behalf of Defendant i2 Technologies, Inc. ("i2"):  Peter C. McCabe and Malcolm Cox of Winston & Strawn LLP, and Theodore Stevenson, III and Jill Bindler of McKool Smith.

f.    On behalf of Defendant Continental Automotive Systems US, Inc. ("CAS"):  Ralph J. Gabric of Brinks, Hofer, Gilson & Lione.

g.    On behalf of Defendant Transworks, Inc. ("Transworks"):  Keith V. Rockey and Avani C. Macaluso of Rockey, Depke, Lyons & Kitzinger, LLC, and Thomas J. Scott, Jr. and Jennifer A. Albert of Goodwin Procter LLP.

2.    **Basis for Federal Jurisdiction.**  The Court has subject matter jurisdiction under 28 U.S.C. § 1338(a).  Defendants do not contest this Court's jurisdiction.

3.    **Nature of The Claims And Counterclaims Asserted.**

a.    Plaintiffs' claims are, by nature, patent infringement claims generally directed at alleged infringement of U.S. Patent No. 6,904,359; U.S. Patent No. 6,748,318; and U.S. Patent No. 6,748,320 (collectively the "patents-in-suit") by:

i.    CN's use of the "My Reports" and "My Shipments" components of CN's "eBusiness Solutions" system, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit.

ii.    a.  CSX's use of its "ShipCSX Parameter Trace," "ShipCSX Event Notification," "ShipCSX Rail Car Tracking" and "ShipCSX Shipment Tracking" components of CSX's "TRACE eBusiness Tools" system, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit. Defendant CSX denies the allegations that it has infringed, either directly or indirectly, by inducing others to infringe, or by contributing to the infringement of any of the claims of the patents-in-suit either literally or under the doctrine of equivalence. Defendant CSX further denies that Plaintiffs are entitled to any of the relief requested, including but not limited to damages, attorneys fees, costs, and injunctive relief.

b.  Defendant CSX has pleaded by way of a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) that the Plaintiffs Complaint should be dismissed or in the alternative that Plaintiffs replead Pursuant to Fed. R. Civ. P. 12(e), concerning its claims for patent infringement, including its claims for induced and contributory infringement, for willful infringement, and for a permanent injunction.

iii.    a.   BNSF's use of its Customer Notification System, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit. Defendant BNSF denies the allegations that it has infringed, either directly or indirectly, any of the claims of the patents-in-suit either literally or under the doctrine of equivalence.

b.   Defendant BNSF has pleaded by way of affirmative defenses that Plaintiffs lack standing to sue on the asserted patents and that the claims of patents-in-suit are not-infringed, invalid, and/or unenforceable under the doctrines of prosecution history estoppel, laches and estoppel, and unclean hands.   Defendant BNSF further denies that Plaintiffs are entitled to damages and injunctive relief.

iv.    a.   i2's use of it Supply Chain Visibility system, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit.   Defendant i2 denies the allegations that it has infringed, either directly or indirectly, any of the claims of the patents-in-suit either literally or under the doctrine of equivalence.

b.   Defendant i2 has pleaded by way of affirmative defenses that the claims of patents-in-suit are not-infringed, invalid, and/or unenforceable under the doctrine of prosecution history estoppel.

Defendant i2 further denies that Plaintiffs are entitled to damages and injunctive relief.

v.  a.  CAS's use of the "WebWatch" component of the Siemens "TransitMaster" system, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit.  Defendant CAS denies the allegations that it has infringed, either directly or indirectly, any of the claims of the patents-in-suit either literally or under the doctrine of equivalence.

b.  Defendant CAS has pleaded by way of affirmative defenses that that the claims of patents-in-suit are not-infringed and/or unenforceable under the doctrine of prosecution history estoppel Defendant CAS further denies that Plaintiffs are entitled to damages and injunctive relief.

vi.  a.  TransWorks' use of its "Transportation Management Solution" system, and by knowingly and actively inducing others to infringe, and by contributing to the infringement by others of, the patents-in-suit.  Defendant TransWorks denies the allegations that it has infringed, either directly or indirectly, any of the claims of the patents-in-suit either literally or under the doctrine of equivalence.

b.  Defendant TransWorks has pleaded by way of affirmative defenses that Plaintiffs lack standing to sue on the asserted patents and that the claims of patents-in-suit are not-infringed, invalid,

and/or unenforceable under the doctrines of prosecution history estoppel, laches and estoppel, and unclean hands. Defendant TransWorks further denies that Plaintiffs are entitled to damages and injunctive relief.

b. Defendants' counter-claims will be, by nature, declaratory judgment claims generally directed at noninfringement, invalidity, and unenforceability of the same three patents. Plaintiffs deny the allegations of Defendants that the patents-in-suit are not infringed, invalid and unenforceable.

4. **The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.** CN, which is located in Montreal, Quebec, Canada, will be served in due course pursuant to the Hague Convention. The Defendants other than CN do not dispute that they have been served.

5. **Principal Legal Issues.** Plaintiffs contend that the principal legal issues in the case involve the validity, enforceability and scope of the patents-in-suit. Defendants contend that the principal legal issues in the case additionally involve issues of claim construction, invalidity, prosecution history estoppel, laches and estoppel, unclean hands, and standing.

6. **Principal Factual Issues.** The principal factual issues in the case involve the operation of the Defendants' accused systems, the alleged infringement of the patents-in-suit by Defendants' accused systems, the validity and enforceability of the patents-in-suit, and the state of the prior art, and the extent of alleged damages.

7. **Jury Demand.** The parties request a trial by jury on all issues so triable.

8.    **Pre-Discovery Disclosure.**

   a.    Plaintiffs believe that the parties should exchange by **June 4, 2008** the information required by Rule 26(a)(1), Fed.R.Civ.P.  Given that all Defendants have not been served, Defendants believe that the proposed date for exchange of pre-discovery disclosures should be extended until **August 4, 2008** assuming that all Defendants have been served and have answered the Complaint prior to such time.  Plaintiffs have been advised that Defendant TransWorks intends to file with the Patent and Trademark Office ("PTO") a Request for Reexamination by May 15, 2008 and that TransWorks will move this Court to stay the proceedings pending disposition of the Request by the PTO.  Plaintiffs will oppose any such motion on the grounds that a prolonged delay due to a reexamination proceeding will serve neither the interests of justice nor judicial economy.  In this regard, Plaintiffs note that the patents-in-suit issued nearly three and four years ago, respectively, have been asserted in more than a dozen litigations, and – notwithstanding – have not been the subject of a reexamination proceeding or any other successful challenge to such patents' validity or enforceability.

   b.    Defendant TransWorks believes that the patents asserted by Plaintiffs are clearly invalid.  Accordingly, TransWorks intends by **May 15, 2008** to file, with the Patent and Trademark Office, a Request for Inter Partes Reexamination under 35 U.S.C. § 311, requesting the PTO to reexamine all claims of the patents-in-suit.  As the reexamination proceeding could result in cancellation of all the asserted claims, Transworks will request this court to stay this litigation pending the outcome of the reexamination proceeding.

Defendants believe that all discovery efforts should be postponed until such time that the Court can rule on Defendant TransWorks' motion to stay.

9. **Discovery Plan.** The parties have not yet taken formal discovery. However, the parties jointly propose to the Court the following discovery plan:

   a. Discovery will be needed on at least the following subjects: patent validity, patent infringement, patent enforceability, patent ownership, damages, and willfulness.

   b. Plaintiffs believe that all fact discovery commenced in time should be completed by **December 17, 2008**, and all expert discovery commenced in time should be completed by **April 29, 2009**. Defendants believe that the proposed dates for discovery are too compressed and suggest extending the date for completion of fact discovery to no less than 90 days after receipt of the Court's *Markman* ruling in this matter and the date for completion of expert discovery to no less than 180 days after receipt of the Court's *Markman* ruling in this matter.

   c. The parties agree that the Federal Rules of Civil Procedure generally shall govern depositions, interrogatories and all other discovery, absent further agreement of the parties or leave of Court. Due to the number of Defendants in this action, however, the parties further agree that the Federal Rules of Civil Procedure's limitation on the number of depositions for "defendants" shall be modified to allow for a reasonable number of depositions for each named Defendant. Plaintiffs propose that each defendant be allowed to conduct three (3) depositions. Plaintiffs' proposal would grant Defendants a total of 18 depositions, which is almost double

the number of depositions to which Defendants would otherwise be entitled under Federal Rule of Civil Procedure 30.  Defendants disagree that three depositions per defendant is sufficient.  Each Defendant will require depositions of Plaintiffs' representatives with respect to facts that are specific to that Defendant.   Additionally, Defendants will likely subpoena third parties for depositions.

d.      Plaintiffs believe that initial expert reports from the party bearing the burden of proof in issue should be due **March 4, 2009**; rebuttal expert reports should be due **April 6, 2009**.  The parties do not believe that reply reports are necessary.  Defendants believe that the proposed dates for discovery are too compressed and suggest extending the date for initial expert reports to no less than 120 days after receipt of the Court's *Markman* ruling in this matter and the date for rebuttal reports to no less than 150 days after receipt of the Court's *Markman* ruling in this matter.  In addition, Defendants do not believe that reply reports are necessary.

10.     **Claim Construction**:  Pursuant to this Court's Standing Order for Patent Claim Construction Proceedings Before Judge Dow, the parties jointly propose the following plan with respect to issues of claim construction:

a.      The parties shall exchange a preliminary claim chart of proposed terms for the Court to construe, and their proposed constructions for those terms by **September 19, 2008**.

b.      The parties shall meet and confer regarding the claim terms and determine which claim terms are in dispute by **October 3, 2008**.

c. The parties shall submit a joint claim construction chart identifying all relevant claim terms by **October 10, 2008**.

d. Plaintiffs shall file its opening claim construction brief on **October 31, 2008**.

e. Defendants shall file its responsive claim construction brief by **November 21, 2008**.

f. Plaintiffs shall file its reply claim construction brief by **December 5, 2008**.

g. The parties shall file an amended, final joint claim construction chart by **December 12, 2008**.

h. The claim construction hearing shall be set at the Court's convenience.

i. Two weeks before the claim construction hearing, the parties shall file a Joint Pre-Hearing Statement.

11. **Trial Date.** Plaintiffs believe that the parties can be ready for trial by **July 2009**. Plaintiffs estimate that 3-5 days will be required for trial. Plaintiffs estimate that they will be able to present their case in approximately one to one and one-half days and believe that the two-week trial period anticipated by Defendants is excessive and unnecessary. Defendants believe that the parties can be ready for trial by **March 2010**. In addition, Defendants believe that more than 3-5 days are required for trial because there are six defendants in this case. Thus, Defendants anticipate that at least 80 hours of trial time will be needed.

12. **Magistrate Judge.** The parties do not consent to proceed before a Magistrate Judge.

13. **Settlement Discussions.** To date, Plaintiffs have engaged in good faith settlement discussions with Defendants BNSF, i2, and CSX. Counsel for

Plaintiffs and Defendant BNSF are scheduled to meet in Chicago on April 21, 2008 to further discuss settlement options.  TransWorks has advised Plaintiffs that it is not interested in exploring settlement options at this time.  Plaintiffs hope to discuss settlement options with Defendants CN and CAS in the near future.

14.    **Settlement Conference.**  Plaintiffs believe that a Court-supervised settlement conference would be productive at this time and might advance the settlement negotiations already under way between the parties.

15.    **Other Items.**

a.    The case does not require reference to the procedures set forth in the Manual on Complex Litigation.

b.    Plaintiffs do not request severance or bifurcation of any issues for discovery or trial.  Defendants will request severance or bifurcation of the issues of willfulness and damages.  Defendants believe that such bifurcation will serve the interest of judicial efficiency and economy.  Given that Defendants believe that there are strong non-infringement and invalidity defenses to the patents-in-suit, trial time may be saved by such proposed bifurcation as it may be unnecessary to reach the issues of willfulness and damages.  In addition, because there are multiple accused systems at issue in this action, Defendants reserve the right to seek severance to enable each Defendant to be tried separately.  Defendants believe that it may be necessary to try each Defendant separately to avoid any confusion that the presentation of multiple accused systems may cause for the fact finder.

c.      The parties agree that they should be allowed until **June 30, 2008** to join additional parties.  At this time, the parties cannot reasonably predict the likelihood of the appearance of additional parties.  The parties agree that the parties should be allowed until **June 30, 2008** to amend the pleadings.

d.      Since discovery has not yet been initiated, the parties do not have a firm understanding as to which, if any, issues may be determined by motion. However, the parties believe that it is likely that some issues may be appropriate for resolution by motion.  Plaintiffs propose that all dispositive motions or partially dispositive motions should be filed by **June 1, 2009**. Defendants believe that the proposed date for the filing of dispositive or partially dispositive motions is too compressed and suggest extending this date to no less than 240 days after receipt of the Court's *Markman* ruling in this matter.

e.      The parties believe that a *Markman* hearing and briefing schedule is appropriate for the Court to properly construe the claims of the patents-in-suit.   Proposed dates regarding claim construction are set forth in Paragraph 10 above.

f.      The parties believe that a protective order governing the exchange of confidential information is necessary as the parties anticipate that discovery concerning details of their proprietary and confidential business information will be sought.

Dated: April 29, 2008

By: /s/ Matthew G. McAndrews
    Raymond P. Niro
    Sally J. Wiggins
    Matthew G. McAndrews
    Nicholas M. Dudziak
    NIRO, SCAVONE, HALLER & NIRO
    181 W. Madison St., Ste. 4600
    Chicago, Illinois 60602
    Phone: (312) 236-0733

    Attorneys for Plaintiffs
    ARRIVALSTAR S.A. and
    MELVINO TECHNOLOGIES LIMITED

By: J. Clark Martin
    Donald E. Herrmann, Esq.
    J. Clark Martin, Esq.
    Michael D. Anderson, Esq.
    Kelly Hart & Hallman, LLP
    201 Main Street
    Suite 2500
    Fort Worth, Texas 76102
    United States of America
    (817) 878-3548
    Email: don.herrmann@khh.com
    Email: clark.martin@khh.com
    Email: michael.anderson@khh.com

    Jennifer F. Fitzgerald
    Leland W. Hutchinson, Jr.
    Richard T. Sikes
    Freeborn & Peters
    311 South Wacker Drive
    Suite 3000
    Chicago, IL 60606
    (312) 360-6000
    Email: jfitzgerald@freebornpeters.com
    Email: lhutchinson@freebornpeters.com
    Email: rsikes@freebornpeters.com

    Attorneys for Defendant
    BNSF Railway Company

By: /s/ Dwayne L. Mason
    Patrick E. Deady, Esq.
    Hogan Marren, Ltd.
    180 North Wacker Drive

Suite 600
Chicago, Illinois  60606
(312) 946-1800
Email:  ped@hmltd.com

Dwayne L. Mason
Lester Hewitt
Akin Gump Strauss Hauer & Feld
1111 Louisiana Street
44th Floor
Houston, TX 77002-5200
(713) 220-5800
Email:  damson@akingump.com
Email:  lhewitt@akingump.com

Attorneys for Defendant
CSX Corporation

By: /s/ Peter C. McCabe III
   Peter C. McCabe III
   Malcolm Cox
   Winston & Strawn LLP
   35 West Wacker Dr.
   Chicago, Illinois 60601
   (312) 558-5954
   Email:  pmccabe@winston.com
   Email:  mcox@winston.com

   Theodore Stevenson, III
   Jill Bindler
   McKool Smith
   300 Crescent Court, Suite 1500
   Dallas TX 75201
   (214) 978-4000
   Email:  tstevenson@mckoolsmith.com
   Email:  jbindler@mckoolsmith.com

   Attorneys for Defendant
   i2 Technologies, Inc.

By: /s/ Ralph J. Gabric
   Ralph J. Gabric, Esq.
   Brinks, Hofer, Gilson & Lione
   455 North Cityfront Plaza Drive
   NBC Tower – Suite 3600
   Chicago, Illinois  60611-5599
   (312) 321-4200
   Email:  rgabric@brinkshofer.com

14

Attorneys for Defendant
Continental Automotive Systems US, Inc.

By: /s/ Jennifer A. Albert
Keith V. Rockey, Esq.
Avani C. Macaluso, Esq.
Rockey, Depke Lyons & Kitzinger, LLC
233 South Wacker Drive
Sears Tower - Suite 5450
Chicago, Illinois 60606-6306
(312) 277-2006
Email:  krockey@rdlklaw.com
Email:  amacaluso@rdlklaw.com

Thomas J. Scott, Jr.
Jennifer A. Albert
Goodwin Procter LLP
901 New York Avenue, N.W.
Washington, DC 20001
(202) 346-4000
Email:  TScott@goodwinprocter.com
Email:  JAlbert@goodwinprocter.com

Attorneys for Defendant
TransWorks, Inc.

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the **Joint Initial Status Report** was served upon all counsel of record via electronic filing or electronic mail on April 29, 2008.

Donald E. Herrmann, Esq.
Kelly Hart & Hallman, LLP
201 Main Street
Suite 2500
Fort Worth, Texas 76102
(817) 878-3548
Email: don.herrmann@khh.com
**Attorneys for BNSF Railway Company**

Patrick E. Deady, Esq.
Hogan Marren, Ltd.
180 North Wacker Drive
Suite 600
Chicago, Illinois 60606
(312) 946-1800
Email: ped@hmltd.com
**Attorneys for Defendant CSX Corporation, Inc.**

Peter C. McCabe III
Winston & Strawn LLP
35 West Wacker Dr.
Chicago, Illinois 60601
(312) 558-5954
Email: pmccabe@winston.com
**Attorneys for Defendant i2 Technologies, Inc.**

Ralph J. Gabric, Esq.
Brinks, Hofer, Gilson & Lione
455 North Cityfront Plaza Drive
NBC Tower – Suite 3600
Chicago, Illinois 60611-5599
(312) 321-4200
Email: rgabric@brinkshofer.com
**Attorneys for Defendant Continental Automotive Systems US, Inc./Siemens VDO Automotive**

Keith V. Rockey, Esq.
Avani C. Macaluso, Esq.
Rockey, Depke Lyons & Kitzinger, LLC
233 South Wacker Drive
Sears Tower - Suite 5450
Chicago, Illinois 60606-6306
(312) 277-2006
Email: krockey@rdlklaw.com
Email: amacaluso@rdlklaw.com
**Attorneys for Defendant TransWorks, Inc.**

/s/ Matthew G. McAndrews