# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ARRIVALSTAR S.S. and MELVINO TECHNOLOGIES LIMITED,<br>　　　　Plaintiffs,<br><br>　v.<br><br>CANADIAN NATIONAL RAILWAY COMPANY, CSX CORPORATION, INC., BNSF RAILWAY COMPANY, i2 TECHNOLOGIES, INC., SIEMENS VDO AUTOMOTIVE, and TRANSWORKS, INC.,<br>　　　　Defendants. | )<br>)<br>)<br>)<br>)<br>)　Case No. 08 c 1086<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OPINION AND ORDER ON TRANSWORKS, INC.'S MOTION TO STAY PENDING REEXAMINATION OF PATENTS-IN-SUIT BY UNITED STATES PATENT AND TRADEMARK OFFICE

Defendant TransWorks, Inc. ("TransWorks") has filed a motion to stay proceedings in this case pending reexamination of the patents-in-suit by the United States Patent and Trademark Office ("PTO") [62]. Many, though not all, of the other Defendants have joined in TransWorks' motion.[1] After the initial briefing on the motion [62, 72, 73], the Court held a status hearing at which time counsel presented their views on the merits of the stay motion. The Court subsequently permitted supplemental briefs [84, 85] to be filed concerning certain arguments that surfaced at the status hearing. TransWorks later filed a motion for leave to file another supplemental brief [91] in order to inform the Court that the PTO has granted the reexamination requests with respect to all of the claims in the patents-in-suit. Having given full consideration to the arguments presented both orally and in writing, the Court grants the motions for leave to

---

[1] Defendant i2 Technology filed a notice of joinder [69] in TransWorks' motion to stay. Defendants BNSF Railway Company [68] and Siemens VDO Automotive [82] filed unopposed motions for joinder in TransWorks' motion. Those motions [68, 82] are granted.

file a supplemental brief [91] and to stay this litigation pending the reexamination of the patents-in-suit by the PTO [62].

**I.     Background**

Shortly after the initial status hearing in this case, TransWorks filed a motion to stay the proceedings in this Court pending reexamination by the PTO of the three patents at issue in this lawsuit. In its motion, TransWorks noted that, by statute, the PTO was required to issue a ruling on the request for reexamination by August 14, 2008. See 35 U.S.C. §§ 303(a), 312(a). In fact, the PTO ruled well in advance of its statutory deadline and granted TransWorks' request as to all of the claims in the patents-in-suit. See Order Granting Request for *Ex Parte* Reexamination, Patent No. 6,748,318 (USPTO July 21, 2008); Order Granting Request for *Inter Partes* Reexamination, Patent No. 6,748,320 (USPTO July 21, 2008); Order Granting Request for *Inter Partes* Reexamination, Patent No. 6,904,359 (USPTO July 21, 2008); see also Office Action in *Inter Partes* Reexamination, Patent No. 6,748,320 (USPTO July 21, 2008); Office Action in *Inter Partes* Reexamination, Patent No. 6,748,320 (USPTO July 21, 2008) (all documents attached as Exs. A-E to Alberts Declaration [92]).

TransWorks also argues that a stay is warranted because there are three patents and more than two hundred claims at issue, with a substantial body of prior art patents and publications (including many that the PTO did not consider in its original examination of the patents at issue). In these circumstances, TransWorks contends that "it is almost inevitable" that, in the reexamination process, the PTO will either cancel or narrow many of the claims of the patents-in-suit. Finally, TransWorks identifies a number of other advantages of staying this case pending the anticipated reexamination, the most of important of which focus on the PTO's expertise and the potential that its work would narrow and refine the issues in this case.

In response, Plaintiffs initially argued that the motion to stay was premature, because the PTO had not decided whether to reexamine the patents. While that objection is now moot, Plaintiffs further argue that a stay is not mandatory even if reexamination proceedings are going forward in the PTO. Plaintiffs then point to a number of factors that they believe counsel against a stay in this case, including that (i) some claims may survive reexamination, (ii) the PTO's findings would not be binding on all Defendants, (iii) reexamination is time-consuming and costly, (iv) related litigation in the Western District of Pennsylvania has reached an advanced stage, and (v) Plaintiffs would be prejudiced by the granting of a stay.

## II. Analysis

The parties agree that a district court has "inherent power to manage [its] dockets and stay proceedings, including the authority to order a stay pending conclusion of a PTO reexamination." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citing *Landis v. N. Amer. Co.*, 299 U.S. 248, 254 (1936)). In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will unduly prejudice or tactically disadvantage the non-moving party, (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will reduce the burden of litigation on the parties and on the court. *Tap Pharmaceutical Prods., Inc. v. Atrix Laboratories, Inc.*, 2004 WL 422697, at *1 (N.D. Ill. Mar. 3, 2004).

In view of the PTO's decision to reexamine all of the patents-in-suit, it is difficult to see how Plaintiffs would be *unduly* prejudiced by a stay. To begin with, the litigation is in its infancy and Plaintiffs have had a full opportunity to present their arguments against the entry of a stay. *Tap Pharmaceutical Prods.*, 2004 WL 422697, at *1 ("since the litigation is at such an early stage and since Plaintiffs had notice of the pending reexaminations, I find they will not be

3

unduly prejudiced by a stay"). Courts frequently issue stays pending reexamination when the litigation is at an early stage. See, *e.g.*, *Global Patent Holdings*, 2008 WL 1848142, at *5 (granting stay where "[n]o discovery has been conducted and little judicial effort has been expended"); *Sun-Flex Co. v. Softview Computer Prods. Corp.*, 1989 WL 117976, at *1 (N.D. Ill. Sept. 27, 1989) (granting stay where case was "at an early stage"); see also *Emhart Industries*, 1987 WL 6314, at *3 (granting stay even where "significant, costly discovery has already taken place," but where "substantially no trial preparations have been carried out"). Notably, Plaintiffs have not cited a case in which a court has denied a request to stay court proceedings pending the PTO's reexamination of the patents-in-suit where the stay request was made during the early stages of the litigation. Furthermore, as TransWorks points out, Plaintiffs do not appear to be at risk of suffering any pecuniary prejudice, because "interest will accrue in their favor if they are determined to be entitled to monetary relief." [76, at 12.]

The Court also is persuaded that a stay would preserve the resources of all of the parties, including Plaintiffs, and that a stay very well may simplify the litigation by awaiting the application of the PTO's expertise to the patents-in-issue – regardless of the PTO's ultimate rulings. As the Federal Circuit has explained, "[o]ne purpose of the reexamination procedure is to eliminate trial of that issue (when the claim is canceled) or facilitate trial of that issue by providing the district court with the expert view of the PTO (when a claim survives the reexamination proceedings)." *Gould v. Control Laser Corp.*, 705 F.2d 1340, 1342 (Fed. Cir. 1983). In other words, the PTO's expert analysis of prior art may simplify and/or facilitate resolution of the case whether or not TransWorks ultimately succeeds in persuading the PTO to amend or invalidate some or all of the claims or patents at issue. See *Tap Pharmaceutical Prods.*, 2004 WL 422697, at *2. And while TransWorks does not appear to dispute Plaintiffs'

contention that reexamination proceedings are costly and time-consuming, those adjectives describe litigation as well. In the Court's view, it makes more sense to concentrate on proceedings before the subject matter experts than to require the parties to fight a two-front battle before both the PTO and the Court at this time.

Obviously, there is a stronger likelihood that a stay will prove to materially alter this litigation if the PTO either invalidates or significantly alters the scope of one or more patents-in-suit. While the parties debate the likelihood of such an outcome and the Court is wary of relying too much on overall statistics compiled in other, unrelated litigation, Judge Zagel has commented that "[g]enerally speaking, the PTO invalidates 10% of the patents it reexamines and amends the claims in 64%." *Tap Pharmaceutical Prods.*, 2004 WL 422697, at *2. At least in a statistical sense, those numbers suggest a very real possibility that, if this litigation proceeds in tandem with the PTO reexamination proceedings, the parties will have wasted their resources litigating issues that ultimately may be mooted by the PTO's findings. Commenting in hindsight on a decision to grant a stay to await reexamination, Judge Kocoras remarked that "a significant amount of time and effort in claim construction and other litigation would have been wasted if we had forged ahead without the benefit of the PTO's examination (and subsequent rejection) of those claims." *Global Patent Holdings, LLC v. Green Bay Packers, Inc.*, 2008 WL 1848142, at *5 (N.D. Ill. Apr. 23, 2008). And "[e]ven if issues remain to be litigated after the reexaminations are completed" – as may well be the case here – "the cost and scope of the remaining litigation are likely to be substantially reduced." *Sun-Flex Co.*, 1989 WL 117976, at *1.

Finally, the Court cannot conclude that the pending litigation in Western District of Pennsylvania involving two of the three patents-in-suit provides a sufficient basis for overcoming the factors noted above that favor the entry of a stay. While any decision that the

Pennsylvania court may enter on the validity of the patents may be persuasive, it cannot bind any of the Defendants in this case, because they are not parties to that litigation.

**III.  Conclusion**

For all of these reasons, Defendant TransWorks' motions for leave to file supplemental brief to advise the Court of the PTO's rulings [91] and for stay of the litigation pending reexamination of the patents-in-suit by the PTO [62] are granted.

Dated:  July 25, 2008      _____
                                          Robert M. Dow, Jr.
                                          United States District Judge